# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HEBERT CARTER, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-760-RLB** |
| **POINTE COUPEE PARISH SHERIFF'S DEPT., ET AL.** | **CONSENT CASE** |

## ORDER

Before the Court is Deputy Perry K. Lambert's Motion to Dismiss Third Supplemental Petition for Damages/Complaint. (R. Doc. 31). The motion is opposed. (R. Doc. 33). Deputy Lambert filed a reply. (R. Doc. 38).

The parties consented to proceed in this action before the undersigned pursuant to 28 U.S.C. § 636(c). (R. Docs. 58, 59).

## I.     Background

On May 30, 2018, Herbert Carter, Jr. ("Plaintiff") initiated this civil rights action by filing Petition for Damages in the 18th Judicial District Court, Pointe Coupee Parish, Louisiana, naming as defendants Pointe Coupee Parish Sheriff's Department, Beauregard "Bud" Torres, III, Deputy Perry K. Lambert, and Cpl. Andrian Bentley. (R. Doc. 1-2 at 3-7).

The action was removed on August 10, 2018 on the basis that Plaintiff alleged violations of his federal constitutional rights. (R. Doc. 1). Plaintiff's First Supplemental Petition for Damages sought recovery under 42 U.S.C. §§ 1981, 1983 and 1988. (R. Doc. 21).

On March 21, 2019, the original presiding judge in this action held a telephone conference with the parties in which counsel presented arguments on a pending motion to dismiss. (R. Doc. 23). The parties stipulated to the dismissal of several claims in this matter and Plaintiff was ordered to file an amended complaint to cure the deficiencies discussed at the conference.

Plaintiff's Second Supplemental Petition for Damages (R. Doc. 26) and Plaintiff's Third Supplemental Petition for Damages (R. Doc. 29) were then filed into the record. These pleadings removed Pointe Coupee Parish Sheriff's Department ("PCPSD") and Sheriff Beauregard "Bud" Torres, III as defendants in this action. Furthermore, Plaintiff modified his pleadings to limit his claims against Cpl. Bentley and Deputy Lambert to their individual capacities. Plaintiff's claims against Cpl. Bentley have been dismissed without prejudice for failure to serve. (R. Docs. 51, 52). Accordingly, the sole remaining claims are those claims brought against Deputy Lambert in his individual capacity.

Plaintiff alleges that Deputy Lambert and Cpl. Bentley went to his home on or about December 3, 2015 to issue a subpoena to his son Leronger Carter, and Plaintiff advised them that he did not know his son's whereabouts at the time. (R. Doc. 29 at 1). Plaintiff states that upon locating his son, he allegedly became verbally aggressive with the officers, was placed under arrest for obstruction of justice, and was "violently taken down to the ground with an arm bar, handcuffed and lifted up to his feet." (R. Doc. 29 at 1-2). Plaintiff alleges that he then advised the officers that he was disabled and that his back was injured. (R. Doc. 29 at 2).

Plaintiff alleges that the PCPSD detained him, he was released until his arraignment and trial, and that he was arraigned after a Bill of Information was filed against him on December 21, 2015. (R. Doc. 29 at 2). Plaintiff alleges that he "was never given formal or actual notice of any proceedings in this matter that may have taken place and at no point waived his Constitutional rights." (R. Doc. 29 at 2). Plaintiff's arraignment was continued without date and the charges against him were dismissed on July 12, 2017 at a show cause hearing. (R. Doc. 29 at 2). Plaintiff alleges that the State "did not meet its heavy burden of establishing legitimate reasons for the delays" that he "suffered extreme prejudice to his ability to defendant these charges," and that he

2

"has suffered damages, including, but not necessarily limited to, mental and psychological anguish." (R. Doc. 29 at 2).

Plaintiff asserts that Deputy Lambert had no objective evidence to directly implicate him in the two misdemeanor counts of obstruction of justice and resisting an officer, and that he "wrongfully abused the judicial process" while "operating under color of law" by having Plaintiff "arrested, and subsequently never tried." (R. Doc. 29 at 3-4). Plaintiff contends that Deputy Lambert, in his individual capacity as a deputy of Pointe Coupee Parish, (A) intentionally and/or negligently deprived him of constitutional rights and participated in unlawful acts including providing false inculpatory evidence and inflicting emotional distress upon Plaintiff; (B) violated and misused his badge of authority when he became verbally aggressive and violently took Plaintiff to the ground with an arm bar, handcuffed him, and lifted him up to his feet; (C) failed to follow color of law and deprived Plaintiff of his constitutional right to due process of the law and right to be free from malicious prosecution; (D) failed "to do what he should have done" and acted with callous indifference to Plaintiff's constitutional rights; (E) failed to adhere to proper standards; and (F) failed to follow all internal procedures, safeguards, and protocol required by generally accepted law enforcement procedures and/or PCPSD procedures. (R. Doc. 29 at 3-4).[1]

Finally, Plaintiff alleges that "[a]s a direct result of Defendants' misconduct which resulted in Plaintiff's malicious prosecution, Plaintiff sustained substantial damages, including, but not necessarily limited to, mental and psychological anguish, and lost wages during and after the period of detention. There was the commencement or continuation of an original criminal or civil proceeding when Mr. Carter was arrested, there was legal causation by the present defendant in the

---

[1] Plaintiff also alleges that Deputy Lambert's "actions were undertaken under color of law and within the scope of his employment such that his employer, Pointe Coupee Parish Sheriff's Department/Sheriff Boudreaux 'Bud' Torres, III, is liable for their actions." (R. Doc. 29 at 4). As discussed above, Plaintiff no longer names PCPSD or Sheriff Torres as defendants. This claim for vicarious liability fails to state a claim against the actual remaining defendant, Deputy Lambert.

original proceeding, a bona fide termination in favor of Mr. Carter, the absence of probable cause for such proceeding, [and] the presence of malice and damages." (R. Doc. 29 at 4-5). Based on the foregoing, Plaintiff appears to be seeking recovery solely for "malicious prosecution."[2]

The instant motion seeks dismissal of all claims brought against Deputy Lambert in his individual capacity, namely the malicious prosecution claims brought under both federal and state law. (R. Doc. 31). Deputy Lambert argues that Plaintiff's Section 1983 claim fails in light of the lack of any well-pleaded facts, his qualified immunity defense, and Plaintiff's failure to identify any specific constitutional violation. (R. Doc. 31-1 at 5-8). Deputy Lambert further argues that Plaintiff's state law claim for malicious prosecution fails because Plaintiff cannot prove any malice. (R. Doc. 31-1 at 8-9).

In opposition, Plaintiff argues that he has stated a valid claim for malicious prosecution under Section 1983, Deputy Lambert is not entitled to qualified immunity, and that he "has identified, with clarity, the constitutional violations asserted." (R. Doc. 33 at 2). Plaintiff does not assert that he has attempted to raise any claims other than malicious prosecution, including any claims for wrongful arrest or excessive force.

In reply, Deputy Lambert argues, among other things, that Plaintiff merely added to his pleadings the standards for malicious prosecution under state law, did not identify any specific constitutional violations, and otherwise did not cure the deficiencies in his original pleading despite the opportunity to do so. (R. Doc. 38).

---

[2] In Paragraph 12 of the original Petition, Plaintiff alleged that "[a]s a direct result of Defendants' misconduct which resulted in Plaintiff's **wrongful arrest**, **detention**, malicious prosecution and lack of diligence in moving this case forward, Plaintiff sustained substantial damages, including, but not necessarily limited to, mental and psychological anguish, and lost wages during and after the period of detention." (R. Doc. 1-2 at 5) (emphasis added). Plaintiff's Third Supplemental Petition specifically removed any reference to wrongful arrest or detention. (*Compare* R. Doc. 1-2 at 5 *with* R. Doc. 29 at 4-5).

4

**II.     Law and Analysis**

**A.     Motion to Dismiss Standard**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557.  Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

**B.     Plaintiff's Section 1983 Claims**

Under Fifth Circuit precedent, malicious prosecution standing alone is not a violation of the United States Constitution. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003); *Deville v. Marcantel*, 567 F.3d 156 (5th Cir. 2009).  In *Castellano*, the Fifth Circuit explained that a claim under 42 U.S.C. § 1983 "must rest upon a denial of rights secured under federal and not state law." 352 F.3d at 942.  The court examined the Supreme Court's opinion in *Albright v. Olivier*, 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) and determined that the Supreme Court had:

> rejected the contention that the initiation of criminal proceedings without probable cause is a violation of substantive due process, holding that petitioner must look to the explicit text of the Fourth Amendment as a source of protection for the "particular sort of government behavior" at issue. To the point, **causing charges to be filed without probable cause will not without more violate the Constitution. So defined, the assertion of malicious prosecution states no constitutional claim.**

5

> It is equally apparent that additional government acts that may attend the initiation of a criminal charge could give rise to claims of constitutional deprivation.
>
> The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection—the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. **Such claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983. Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion.**

*Castellano*, 352 F.3d at 953-54 (emphasis added). In short, the Fifth Circuit concluded that "no such freestanding constitutional right to be free from malicious prosecution exists" and, in order to support a claim arising under Section 1983, courts "must insist on clarity in the identity of the constitutional violations asserted." *Id*. at 945.

Given the foregoing, the Court will dismiss with prejudice Plaintiff's federal "malicious prosecution" claim, as Plaintiff has not identified with any clarity the specific constitutional violations on which it is premised. Plaintiff conclusory alleges that "his constitutional right to due process of the law and the right to be free from malicious prosecution" were violated and that there was an "absence of probable cause" for the proceedings brought against him. (R. Doc. 29 at 3-5). These are the very type of vague allegations with respect to violation of substantive due process rights that do not support an independent federal "malicious prosecution" claim. Contrary to his assertions otherwise, Plaintiff simply does not identify any specific constitutional violations in support of his Section 1983 claims, despite multiple opportunities to do so.

The Court acknowledges that the pleadings stem from an arrest, and Courts have considered whether Plaintiff has stated a claim for wrongful arrest and/or detention under Section 1983.[3]

---

[3] *See Deville*, 567 F.3d at 169-170 (finding that plaintiff's claims for "malicious prosecution" associated with an arrest were not "independently cognizable," but then proceeding to consider a false arrest claim associated with the arrest); *Rouse v. Ard*, No. 18-583, 2020 WL 96898, at *5 (M.D. La. Jan. 8, 2020) (analyzing the plaintiff's malicious prosecution claim "under the standards applicable to other constitutional claims, specifically false arrest under the Fourth Amendment.")

Deputy Lambert specifically argues in his motion that Plaintiff's claims are subject to dismissal because he is entitled to qualified immunity in his individual capacity. (R. Doc. 31-1 at 6-7). "To survive a motion to dismiss in cases where the qualified immunity defense is raised, a plaintiff must state facts, which if proven, would defeat the defense." *Babb v. Dorman*, 33 F.3d 472, 475 n. 5 (5th Cir. 1994). The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Even law enforcement officials who reasonably but *mistakenly* conclude that probable cause is present are entitled to immunity." *Haggerty*, 391 F.3d at 656 (citation omitted).

To ultimately prevail on his section 1983 false arrest/false imprisonment claim, a plaintiff must show that the defendant did not have probable cause to arrest him. *Haggerty v. Texas Southern University*, 391 F.3d 653, 655-56 (5th Cir. 2004) (citing *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001)). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Haggerty*, 391 F.3d at 655-56 (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001)).

Here, Plaintiff has abandoned any explicit claim for wrongful arrest and/or detention.[4] Such language was specifically removed from the Complaint. Plaintiff's claim for damages is limited to those that are a "direct result of Defendants' misconduct which resulted in Plaintiff's malicious prosecution." (R. Doc. 29 at 4). To the extent Plaintiff's pleadings could be construed as attempting

---

[4] *See*, *infra*, footnote 2.

to raise such a claim, the sparse and conclusory factual allegations in his pleadings are insufficient to state such a claim. Plaintiff does not raise any specific factual allegations in support of a finding that Deputy Lambert did not reasonably conclude that probable cause was present to arrest Plaintiff.[5] Plaintiff's allegation that there was an "absence of probable cause" is a conclusory statement made in the context of stating the elements for the state law claim of malicious prosecution.[6] Plaintiff has had the opportunity to cure the foregoing deficiencies on multiple occasions by filing an amended pleading. (*See* R. Docs. 23, 26, 29). Accordingly, the Court will dismiss all federal claims brought against Deputy Lambert with prejudice.

   C.   **Supplemental State Law Claims**

A district court may decline the exercise of supplemental jurisdiction over state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367(c). In the instant case, having dismissed Plaintiff's federal claims, the court concludes that it is appropriate for the court to decline the exercise of supplemental jurisdiction over Plaintiffs' state law claims asserted in his pleadings.

---

[5] Plaintiff specifically alleges that he was arrested for "obstruction of justice" without reference to any particular statutory provision or argument why there was not probable cause to believe the violation had occurred. (R. Doc. 29 at 1). Plaintiff's "malicious prosecution" claim includes allegations that he was charged with both obstruction of justice and resisting an officer. There is no allegation in the pleadings that the charge of resisting an officer was the basis for the underlying arrest.

[6] Plaintiff alleges that "[t]here was the commencement or continuation of an original criminal or civil proceeding when Mr. Carter was arrested, there was legal causation by the present defendant in the original proceeding, a bona fide termination in favor of Mr. Carter, the absence of probable cause for such proceeding, [and] the presence of malice and damages." (R. Doc. 29 at 4-5). This is the only allegation with respect to "probable cause" in the Third Supplemental Petition. The forgoing allegations merely track the elements for a malicious prosecution claim under Louisiana law. *See Miller v. E. Baton Rouge Par. Sheriff's Dep't*, 511 So. 2d 446, 452 (La. 1987) ("An action for malicious prosecution in a criminal proceeding lies in all cases where there is a concurrence of the following elements: (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; (6) damage conforming to legal standards resulting to plaintiff.").

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Deputy Perry K. Lambert's Motion to Dismiss Third Supplemental Petition for Damages/Complaint (R. Doc. 31) is **GRANTED IN PART and DENIED IN PART**. Plaintiff's federal law claims against Deputy Lambert are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Deputy Lambert. Those claims are **REMANDED** to the 18th Judicial District Court, Pointe Coupee Parish, Louisiana for further adjudication.

Signed in Baton Rouge, Louisiana, on March 3, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**